# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### STATE OF TENNESSEE v. LAMAR FLETCHER

**Direct Appeal from the Criminal Court for Shelby County**
**No. 85-01981     W. Otis Higgs, Judge**

---

**No. W2007-02697-CCA-R3-CO  - Filed July 22, 2008**

---

The petitioner, Lamar Fletcher, appeals from the trial court's dismissal of his petition for error coram nobis relief.  The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  We grant the state's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Lamar Fletcher, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In 1985, the petitioner was convicted of two counts of armed robbery and of being an habitual criminal offender.  On direct appeal, this court affirmed the petitioner's convictions but remanded the case for a new proceeding regarding the petitioner's status as an habitual criminal. *See State v. Lamar Fletcher*, No. 88, 1986 WL 8814 (Tenn. Crim. App., at Jackson, Aug. 13, 1986), *perm. app. denied* (Tenn. Sept. 29, 1986).  Subsequently, the petitioner was convicted of being an habitual criminal and he received two concurrent life sentences for his convictions. *See  State v. Lamar Fletcher*, No. 35, 1988 WL 46988 (Tenn. Crim. App., at Jackson, May 11, 1988), *perm. app. denied* (Tenn. Aug. 29, 1988).

In 1989, the petitioner sought post-conviction relief, alleging that the prosecutor withheld exculpatory evidence and that he received the ineffective assistance of counsel. *See Lamar Fletcher v. State*, No. O2C01-9409-CR-00188, 1995 WL 422783 (Tenn. Crim. App., at Jackson, July 19,

1995), *perm. app. denied* (Tenn. Nov. 6, 1995). Among the exculpatory items the petitioner alleged withheld was an insurance claim form filed by one of the victims a few months prior to trial. *Id.* at *1. The insurance form included a notation that the robbery was committed by "three unknown gunmen." *Id.* The petitioner submitted that the insurance form could have been used to discredit the victim, who testified at trial that she knew the petitioner prior to the robbery and identified him as one of the robbers. *Id.* After review, this court determined that the insurance form could have been used for impeachment purposes. *Id.* However, this court found that the insurance form was made available by the state prosecutor and determined the petitioner's claim meritless. *Id.* The petitioner also claimed that his trial counsel was ineffective. *Id.* at *2. The petitioner's allegations were based in part on the fact that his trial counsel accepted a position with the state district attorney's office a few months after representing the petitioner as his public defender. *Id.* at *4. After a thorough review of the record, this court found no conflict of interest existed and concluded that the petitioner's various claims for post-conviction relief were without merit. *Id.*

The petitioner also unsuccessfully sought relief in the form of writ of habeas corpus. *See Lamar Fletcher v. State*, No. 02C01-9902-CC-00046, 1999 WL 459253 (Tenn. Crim. App., at Jackson, July 7, 1999), *perm. app. denied* (Tenn. Feb. 7, 2000). The petitioner claimed that his convictions were void because his trial counsel accepted a position with the district attorney's office after representing him at trial. *Id.* at *1. The trial court found that the petitioner was not entitled to habeas corpus relief and dismissed the petition. This court affirmed the trial court's decision pursuant to Rule 20. *Id.*

On January 8, 2007, the petitioner filed his petition for a writ of error coram nobis alleging that he was entitled to relief because he had "newly discovered evidence" which proved that his trial counsel had committed perjury when counsel testified at the post-conviction proceedings that he took a position with the District Attorney's Office several months after representing the petitioner. The petitioner also submitted that he had "newly discovered evidence" which showed his innocence. Regarding the allegations of perjury, the petitioner introduced trial counsel's "OATH OF OFFICE" for the appointment with the District Attorney's Office, dated November 1, 1985. However, the petitioner did not explain how this alleged "newly discovered" evidence demonstrated the existence of an actual conflict of interest. The trial court summarily dismissed the petition and the petitioner appealed.

On appeal, the petitioner claims that the trial court erred by dismissing his petition. The petitioner asserts that his newly discovered evidence demonstrates that trial counsel had an actual conflict of interest; and therefore, due process should afford him a reasonable opportunity to be heard on his claims of innocence. According to the petitioner, the proof of his actual innocence consists of an insurance claim form filed by one of the victims which indicates that three unknown gunmen

committed the robbery,[1] a map which reveals the absence of a street light,[2] and a statement by one of the victims identifying one of the robbery suspects as a "little short dude with moustache and short hair."[3] The petitioner argues that this proof would have impeached the victims' identification of him at trial and therefore proves his innocence.

The state has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As a basis for its motion, the state asserts that the petition is time-barred and fails to raise a cognizable claim for coram nobis relief. The state notes that the petitioner filed his petition almost twenty years after the statute of limitations had run.

The writ of error coram nobis is an extraordinary remedy by which the trial court may provide relief from a judgment under narrow and limited circumstances. *State v. Mixon*, 983 S.W.2d 661, 666 (Tenn. 1999). The remedy is available by statute in Tennessee. *See* Tenn. Code Ann. § 40-26-105. The statute provides, in part:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

*Id*. To establish entitlement to a new trial, the petitioner must show: (a) the grounds and the nature of the newly discovered evidence, (b) why the admissibility of the newly discovered evidence may have resulted in a different judgment if the evidence had been admitted at the previous trial, (c) that the defendant was without fault in failing to present the newly discovered evidence at the appropriate time, and (d) the relief sought. *State v. Hart*, 911 S.W.2d 371, 374-75 (Tenn. Crim. App. 1995). "As a general rule, subsequently or newly discovered evidence which . . . serves no other purpose than to contradict or impeach the evidence adduced during the course of the trial will not justify the granting of a petition for the writ of error coram nobis when the evidence, if introduced, would not

---

[1] The petitioner submits that one of the victims, who positively identified the petitioner as one of the robbers, testified at trial that she knew the petitioner prior to the robbery. The petitioner asserts that this insurance form could have been used to discredit the victim's testimony regarding her identification of the petitioner.

[2] The petitioner submits that one of victims testified at trial that it was dark but he saw the petitioner with the aid of a street light. The petitioner asserts that he is in possession of a map which shows no street light in the proximate area suggested by the victim's testimony. The map or the trial transcript was not included in the record.

[3] It is unclear the exact content and context of this alleged statement. The petitioner does not include a copy of this alleged victim statement. However, the petitioner claims that he is not short, being 5 feet seven inches tall. He also asserts that at the time of his arrest after the robbery he had a full beard and long hair, "clearly showing he did not fit the description of the indicated robber."

have resulted in a different judgment." *Id.* at 375 (citations omitted). The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. *Id.* A petition for writ of error coram nobis relief must be filed within one year of the time judgment becomes final in the trial court. *See* Tenn. Code Ann. § 27-7-103. The one year statute of limitations may be tolled only when necessary not to offend due process requirements. *See Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001).

Upon review of the available record, it is clear that the petitioner's petition was filed many years after the statute of limitations had expired and the petitioner has not alleged any fact which would which raise a due process concern. We note that the petitioner's claim of conflict of interest by trial counsel is not "newly discovered evidence" as the claim was examined extensively at the post-conviction proceedings and determined to be entirely without merit. *See Fletcher*, 1995 WL 422783. In addition, the petitioner's claim of conflict of interest does not qualify as evidence, which would establish the petitioner's actual innocence. *See Edward Jerome Harbison v. State*, No. E2004-00885-CCA-R28-PD, 2005 WL 1521910, \*5 (Tenn. Crim. App., at Knoxville, June 27, 2005), *perm. app. denied* (Tenn. Dec. 19, 2005) (noting that "error coram nobis relief is not an appropriate remedy for the petitioner's claim that the attorney who handled his motion for new trial and direct appeal had a conflict of interest."). Furthermore, the petitioner's various allegations regarding impeachment of eyewitness identification, even if true, reflect neither "newly discovered evidence," nor evidence of "actual innocence" for purposes of our error coram nobis proceedings. *See Hart*, 911 S.W.2d at 375. We therefore grant the state's motion and affirm the judgment of the trial court pursuant to Tennessee Court of Criminal Appeals Rule 20.

When an opinion would have no precedential value, this court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. McLIN, JUDGE